UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANK HERRERA, JR.,

Plaintiff,

v. CASE NO. 3:10-cv-00293-J-JBT

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

Defendant.
_________________________________/

**ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a Period of Disability and Disability Insurance Benefits ("DIB"). For the reasons stated herein, the administrative decision is due to be **REVERSED and REMANDED**.

## I. Issues on Appeal and Summary of Decision

Plaintiff raises three issues on appeal: (1) whether the Administrative Law Judge ("ALJ") failed to explain why he was not crediting the medical opinion of an examining consultant, Dr. Lynn Harper-Nimock; (2) whether the ALJ erred in failing to give "great weight" to a Veterans Administration ("VA") disability determination; and (3) whether the ALJ failed to articulate good cause for discrediting the opinion of a treating physician, Dr. Obaidullah Ahmed.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 12 & 13.)

The first two issues require reversal. Regarding the first issue, although the ALJ mentioned Dr. Harper-Nimock's opinions, he never stated what weight he was attributing to them or otherwise addressed them in his analysis of the opinion evidence. As to the second issue, again although the ALJ mentioned the VA determination of disability in his discussion of Plaintiff's testimony, he did not state what weight he was attributing to it and did not include it in his analysis. Further, he gave no reason why it was not entitled to "great weight."

The third issue presents a close question. Given the closeness of the issue and the importance of Dr. Ahmed's opinions as a treating physician, and in light of the reversal and remand required on the first two issues, on remand the ALJ should further explain his reasons for discrediting Dr. Ahmed's opinion.

## II. Procedural History and Summary of the ALJ's Decision

On September 27, 2005, Plaintiff protectively filed an application for a Period of Disability and DIB, alleging he became disabled on May 1, 2004. (Tr. 77-81.) The Social Security Administration ("SSA") denied his application initially and upon reconsideration. (Tr. 20-22, 34-36, 68-70, 72-75.) Plaintiff then requested and received a hearing before the ALJ on July 31, 2008, at which Plaintiff was represented by an attorney. (Tr. 38-44, 62-63, 1661.) At the hearing, Plaintiff amended his disability onset date to June 5, 2005. (Tr. 1676.) Plaintiff and Mark Capps, a Vocational Expert ("VE"), appeared and testified at the hearing. (Tr. 1661-1721.)

On August 29, 2008, the ALJ issued his decision, finding Plaintiff not disabled and denying his claim. (Tr. 23-33.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 5, 2005. (Tr. 25.) At step two, the ALJ determined that Plaintiff had "the following severe impairments: obesity, coronary artery disease, status post myocardial infarction with stenting time [sic] three, non-insulin dependant diabetes mellitus (type II diabetes) with mild neuropathy, hypertension, obstructive sleep apnea, alcohol induced cirrhosis, and fracture of the right toe (20 CFR 404.1520(c))." (*Id.*) At step three, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 27.)

The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work "except the claimant [can] only occasionally balance, stoop, kneel, crouch, crawl, climb ramps, or stairs, but can frequently kneel. The claimant can never climb ladders, ropes, or scaffolds. The claimant must avoid concentrated exposure to extreme cold, wetness, vibration, hazards, fumes, odors, or gasses [sic]." (*Id.*)

At step four, the ALJ determined that Plaintiff was able to do his "past relevant work as a collection clerk, hospital admitting clerk, [and] credit and loan collections supervisor." (Tr. 32.) Thus, the ALJ concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act from May 1, 2004 through the

date of the decision.[2] (Tr. 33.)

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council, which was ultimately denied on February 22, 2010, after the Appeals Council had set aside its earlier action to consider additional information. (Tr. 10-17.) Accordingly, the ALJ's August 29, 2008 decision is the final decision of the Commissioner. On April 7, 2010, Plaintiff timely filed his Complaint in this Court. (Doc. 1.)

**III. Social Security Act Eligibility and Standard of Review**

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by

---

[2] The ALJ referred to the initial alleged onset date rather than the amended onset date of June 5, 2005.

substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) ("Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'").

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV. Analysis

### A. The Opinion of Dr. Harper-Nimock

The law is clear that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 2011 WL 198372, *2 (11th Cir. Jan. 24, 2011). As the Eleventh Circuit recently reiterated in *Winschel*, "[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). Moreover, the *Winschel* court reiterated that a court may not merely presume that if the ALJ does not discuss a medical opinion, the opinion must have been given little or no weight. *See id.* If the Court makes such a presumption, it in effect abdicates its responsibility "to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Id.* (quoting *Cowart*, 662 F.2d at 735).

In this case, although the ALJ recognized Dr. Harper-Nimock's consultative examination and the limitations she imposed on Plaintiff, he never addressed the weight he was giving Dr. Harper-Nimock's opinions. Dr. Harper-Nimock opined that Plaintiff "has moderate to marked limitation for prolonged sitting, standing, walking, climbing, or heavy lifting. The [Plaintiff] has mild to moderate limitation for exposure to respiratory irritants." (Tr. 578.) The RFC found by the ALJ does not appear to take into account these limitations.

Defendant argues that "it is not entirely clear how limited Dr. Harper-Nimock thought Plaintiff was in those categories." (Doc. 17 at 9.) However, if the ALJ was unsure of the meaning of these limitations, he had a duty to contact her for an explanation. *See* 20 C.F.R. § 404.1512(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, [or] the report does not contain all the necessary information . . . ."); *Carril v. Barnhart*, 201 F. Supp. 2d 1190, 1192 (N.D. Ala. 2002) (finding that if the ALJ "was in doubt as to the validity of [Plaintiff's depression], [which was diagnosed by a consultative evaluator,] he should have sought clarification of the test results ... or ordered additional testing"); *Berryman v. Massanari*, 170 F. Supp. 2d 1180, 1185 (N.D. Ala. 2001) ("If the ALJ was in doubt as to the validity of the plaintiff's I.Q. scores, he should have sought clarification of the test results from Dr. Lyons, [who performed a psychological evaluation of the plaintiff,] or ordered additional testing.").

Because the ALJ did not state the weight he was giving to Dr. Harper-Nimock's opinions, and did not analyze those opinions in formulating his RFC, reversal is required. As stated in *Winschel*: "On remand, the ALJ must explicitly consider and explain the weight accorded to the medical opinion evidence." 2011 WL198372, at *2.

**B. The VA Disability Determination**

As the court stated in *Rodriguez v Schweiker*, 640 F.2d 682, 686 (5th Cir.

1981) (per curiam): “ A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight.”

In this case the ALJ mentioned the VA finding, but only in the context of summarizing Plaintiff’s testimony at the hearing. The ALJ noted: “At the hearing the claimant gave the following relevant testimony. He retired from the army after twenty years of service and is on 100% VA disability.” (Tr. 29.) However, the ALJ never discussed the VA disability determination, and therefore did not appear to consider it or give it great weight.

As Plaintiff points out, the VA determined that Plaintiff’s “coronary artery disease was evaluated at 100% disabling and . . . additional service connected disabilities combin[ed] to 60% or more.” (Tr. 120.) Thus, Plaintiff became entitled to additional “housebound benefits.” (*Id.*) Thus, the VA determination was clearly relevant and should have been addressed.

Furthermore, this case is distinguishable from *Kemp v. Astrue*, 308 Fed. App’x 423 (11th Cir. Jan. 26, 2009) (per curiam). In that case, the court noted that the ALJ continuously referred to the VA’s disability ratings throughout his evaluation, and gave specific reasons why some of those ratings did not qualify as “severe impairments” under the SSA guidelines. *Id.* at 426. In the case at bar, however, the ALJ failed to analyze at all the VA disability determination. The ALJ’s passing reference to that determination in summarizing Plaintiff’s testimony is clearly distinguishable from the ALJ’s analysis in *Kemp*. Thus, reversal and remand is

necessary on this issue as well.

### C. The Opinion of Dr. Ahmed

Substantial weight must be given to a treating physician's opinion unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards*, 937 F.2d at 583. "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).

A treating physician's opinion on the nature and severity of Plaintiff's impairments is given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report if "it is not accompanied by objective medical evidence or is wholly conclusory." *Edwards*, 937 F.2d at 583. "The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments." *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987) (finding that a treating physician's opinion that claimant was totally disabled was properly discounted because "it was not supported by objective

medical evidence and was merely conclusory”).

When a treating physician’s opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the medical evidence supporting the opinion, (4) consistency of the medical opinion with the record as a whole, (5) specialization in the medical issues at issue, and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d)(2)-(6). However, a treating physician’s opinion is generally entitled to more weight than a consulting physician’s opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984) (per curiam); *see also* 20 C.F.R. § 404.1527(d)(2).

In his June 5, 2008 Physical RFC Questionnaire, Dr. Ahmed noted that his prognosis for Plaintiff was fair. (Tr. 1062.) He opined that Plaintiff’s symptoms were constantly severe enough to interfere with his attention and concentration needed to perform even simple work tasks and that Plaintiff was “[i]ncapable of even ‘low stress’ jobs” as he was “[u]nemployable.” (Tr. 1063.) As to Plaintiff’s functional limitations, Dr. Ahmed noted that Plaintiff can walk half a block without rest or severe pain; he can sit for less than two hours in an eight-hour work day; he can stand/walk for less than two hours in an eight-hour work day; he can stand for five minutes at one time; he must walk every five minutes and do so for five minutes; he needs a job permitting shifting positions at will; he needs to take unscheduled breaks lasting five

minutes every forty-five minutes; his legs should be elevated for two hours in an eight-hour work day if his job is sedentary; and that he needs a cane or other assistive device for occasional standing/walking. (Tr. 1063-64.) Dr. Ahmed opined that Plaintiff could lift less than ten pounds frequently. (Tr. 1064.) Dr. Ahmed also opined that Plaintiff had significant limitations with "reaching, handling [and] fingering." (Tr. 1065.) Dr. Ahmed stated that Plaintiff's impairments are likely to produce good days and bad days. (*Id.*) Dr. Ahmed noted that these limitations apply as of May 29, 2004. (*Id.*)

The ALJ first stated that Dr. Ahmed's conclusory "opinion as to the claimant's employability can be given no weight." (Tr. 32.) The Court does not fault this conclusion. However, the ALJ further stated: "As for his opinion of the claimant's limitations, it is noted that the claimant has admitted to performing work activities since May of 2004, which would exceed the limitations indicated by Dr. Ahmed. Therefore, Dr. Ahmed's assessment of the claimant's limitations is questionable in its accuracy and therefore his assessment also cannot be accepted." (*Id.*)

At the hearing, Plaintiff testified that his last day of work was June 4, 2005. (Tr. 1675.) The record discloses that Plaintiff was employed by Budget Utility Service, Inc. ("Budget") "on an as-needed basis from May 24, 2004 through June 4, 2005." (Tr. 257.) Plaintiff testified that he worked no more than thirty hours a week at this job. (Tr. 1674.) A letter from David Johnson, the President of Budget, indicates:

> Mr. Herrera's employment was terminated because the nature of the work required a faster pace and greater mental clarity than his health and the subsequent use of prescription medications allowed. Mr. Herrera's frail health condition kept him from being able to do the amount of work needed in the time allotted. Also, it was felt that it was in the best interests of his health to end his employment, due to the high level of stress involved with the job.

(Tr. 257.)

At the hearing, Plaintiff described this job as follows:

> Q. And as the waste, wast [sic], waste water management or waste water treatment plant worker, what was the heaviest weight you lifted out there?
>
> A. Water cooler.
>
> Q. A water cooler?
>
> A. Maybe a water cooler, maybe with 10 pounds of you know, water samples, you know little bottles.
>
> Q. Okay, so 10 pounds. You're on your feet most of the time, or sitting down with that job most of the time?
>
> A. I drove and walked, drove and walked.
>
> Q. So, 50 percent sitting and it's 50 percent walking?
>
> A. Yes, Sir. Sporadically, I mean it was like every 15 minutes I was at a different location.

(Tr. 1710.)

Although Dr. Ahmed's restrictions were severe (*see* Tr. 1062-65), Plaintiff's job at Budget appeared to allow for significant flexibility in movement, and no prolonged sitting or standing. Furthermore, the job appears to have been significantly less than full-time, and ultimately Plaintiff was not able to perform the

job. Thus, it is not entirely clear that Dr. Ahmed's restrictions were inconsistent with this job, as Plaintiff performed it. Given the importance of a treating physician's opinion, and given that reversal and remand is required as to the first two issues raised by Plaintiff, on remand the ALJ should further analyze whether the restrictions given by Dr. Ahmed are in fact inconsistent with the work performed by Plaintiff from May 2004 through June 2005, which ended in Plaintiff's termination, and otherwise analyze Dr. Ahmed's opinions in light of the Eleventh Circuit law regarding the opinions of treating physicians. Moreover, the ALJ should explain his analysis in sufficient detail to allow for meaningful review. *See Winschel*, 2011 WL 198372, at *2.

**V. Conclusion**

For all the reasons discussed in this Order, the ALJ's decision is not supported by substantial evidence. Therefore, the decision must be reversed and remanded.

Accordingly, it is **ORDERED**:

1. The Clerk of Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision **and REMANDING** with instructions to the ALJ: (a) to explicitly consider and explain the weight accorded to the medical opinion evidence of Dr. Harper-Nimock, and seek clarification of that opinion if necessary; (b) to explicitly consider and give great weight to the VA's disability determination, including stating any reasons for not adopting it; (c) to further analyze the treating physician opinions of Dr. Ahmed,

including whether they are in fact inconsistent with Plaintiff's employment from May 2004 through June 2005; (d) if appropriate, to reevaluate Plaintiff's RFC assessment and to determine what types of work if any, Plaintiff can perform; and (e) to conduct any further proceedings deemed appropriate.

2. The Clerk of Court is further directed to close the file.

3. Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b). Plaintiff's attorney shall have thirty (30) days from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees, to file such a petition for attorney's fees. This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on March 2, 2011.

Joel B. Toomey

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record